**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 12:58 PM November 12, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| TERRY L. MILLER, | ) | CASE NO. 19-41236 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

Now before the court is Debtor's unopposed claim objection. The court has jurisdiction of this case and matter under 28 U.S.C. § 1334. It is a statutorily core matter under 28 U.S.C. § 157(b)(2)(B) and the court has the authority to issue final orders. Venue in this district is appropriate under 11 U.S.C. § 1409. The following constitutes the court's finding of fact and conclusions of law under Federal Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 13 case on July 5, 2019. On August 9, 2019, OneMain Financial Group, LLC ("OneMain") filed an unsecured claim (7-1) for "money loaned" in the amount of $5,123.85 and identified a fixed interest rate, at the time the case was filed, of 6.00%. Debtor objected to payment of interest on the claim. No opposition was raised.

# DISCUSSION

Debtor's request to deny OneMain interest on its claim is well-supported. Unsecured creditors are not entitled to interest on their claims. 11 U.S.C. § 502(b)(2). This derives from a longstanding principle, carried from English law, that "interest on unsecured debt stops." Sexton v. Dreyfus, 219 U.S. 339, 344 (1911) (citations omitted). The court will therefore sustain Debtor's objection.

The dilemma for the court, the chapter 13 trustee, and debtors arises because section nine of the official claim form contains a field for interest, requesting the "Annual Interest Rate (when case was filed)" and whether said interest is fixed or variable. Frequently, unsecured creditors complete this section, raising the question of whether inclusion of the interest rate is a request for payment of interest on an unsecured claim or simply a recitation of the contractual terms of the debt at the time the case was filed? Without a clear answer, the chapter 13 trustee cautiously requires an objection to disallow interest on an unsecured claim. The remainder of this opinion examines whether this is necessary.

On one hand, the answer seems to be "yes." A properly filed proof of claim is deemed allowed. 11 U.S.C. § 502(a). If interest is included in the claim, it follows that interest is also allowable. Section 502(b)(2) proscribes "unmatured interest" when a claim objection is filed. This procedural structure suggests unmatured interest is only disallowable, not disallowed, thereby bolstering the trustee's demand for claim objections. But requiring a claim objection over outright denial of the interest denigrates the general rule that unsecured creditors are not entitled to interest. Reading the Code to require a claim objection permits a creditor to file a claim for interest to which it is not entitled with the hope that it will benefit from an unwary debtor or trustee. It also burdens the trustee or debtor with filing objections to disallow payment of unauthorized interest.

The Sixth Circuit offers slight justification why a claim objection may be necessary, identifying the existence of exceptions to the general rule. Terex Corp. v. Metropolitan Life Ins. Co., 984 F.2d 170 (6th Cir. 1993). The court approved a chapter 11 plan modification granting interest on an unsecured claim to compensate the claimant for the time delay in payment. The court highlighted equity as a core consideration. It also noted that equity has allowed the creation of exceptions to the general no-interest rule:

> Three nonexclusive exceptions have been developed by the federal courts: (1) where the alleged bankrupt proves solvent; (2) where the collateral produces income after the filing of the petition; and (3) where the collateral is sufficient to pay interest as well as the principal of the claim. Thompson v. Kentucky Lumber Co. (In re Kentucky Lumber Co.), 860 F.2d 674, 676–77 (6th Cir.1988) (citations omitted).

Id. at n.5.

Looking at the exceptions, only one applies to unsecured claims. In chapter 13, a "solvent" debtor is generally one who pays a one hundred percent (100%) dividend. In these rare cases, the trustee will pay interest on unsecured claims to all unsecured creditors. Consequently, the interest in an individual proof of claim form is immaterial to the exception for solvent chapter 13 debtors.

Considering the rule and the inapplicability of the exceptions, mandating a claim objection allows the exceptions to swallow the general rule. Efficiency would prefer an objection for the lesser occasions, the exceptions, rather than requiring the objection for the broader occasions, those following the general rule. A properly filed proof of claim form accomplishes the latter.

Section nine of Official Form 410 starts with a question: "Is all or part of the claim secured?" The choices are "no" and "yes." If the answer is no, no additional information is needed. Only when answered affirmatively is additional information necessary, specific to the security. The form should be completed as if it says, "If the answer is no, proceed to question 10." In fact, the additional information is indented underneath the "Yes" answer, indicating that it is only applicable if the claim is secured. Thus, in context this should be viewed as surplusage and not as a request for interest.

Section nine follows the same format as every other section in the claim form. Additional information is necessary only when the question is answered affirmatively. Otherwise, nothing more is prescribed. When the proof of claim form is filled out properly, the general rule is furthered and no claim objection is necessary.

The question is what is required when a claimant answers "no" yet proceeds to include other information, as the creditor did here. OneMain answered "no" and then proceeded to answer several questions, reiterating the claim was "unsecured," no portion was secured, the entire debt was unsecured, and interest when the case was filed a 6.00% fixed rate.

OneMain's proof of claim was not filled out correctly. When the claim is unsecured, none of this information is material, including the interest rate. Thus, the proof of claim cannot be deemed "properly filed" and allowed in its entirety. If OneMain had properly completed the claim form, the objection would not be necessary. Requiring an objection as a remedy is unfair to debtors and inefficient for all participants.

When a creditor files a proof of claim setting forth an unsecured claim, it is not entitled to interest. Exceptions to the rule are inapplicable and do not support forcing a claim objection. From here forward, the court will not require debtors and/or trustees to file claim objections that simply seek to disallow the payment of interest

An order will be entered forthwith.

#   #   #

**Service List**

Dionis E. Blauser
Amourgis and Associates
3200 W. Market Street Suite 106
Akron, OH 44333

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

OneMain
P.O. Box 3251
Evansville, IN 47731-3251